1 | Drew A. Callahan (SBN 254257)
dcallahan@aldridgepite.com
2 | Justin S. Moyer (SBN 275985)
jmoyer@aldridgepite.com
3 | **ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
4 | P.O. Box 17933
San Diego, CA 92177-0933
5 | Telephone: (858) 750-7600
Facsimile: (619) 590-1385
6 |
7 | Attorneys for Movant,
Westlake Financial Services

8 |

9 |

10 |

**UNITED STATES BANKRUPTCY COURT**

11 |

**NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION**

12 |

| | |
|---|---|
| In re | Case No. 13-45734-RLE |
| JAMERSON S FONTILLAS, | Chapter 13 |
| | R.S. No. DAC-021 |
| | **STIPULATION GRANTING ADEQUATE PROTECTION** |
| | **Hearing:** |
| | Date: June 24, 2015 |
| | Time: 1:30 p.m. |
| Debtor. | Ctrm: 1300 Clay Street, Ctrm 201 Oakland, CA 94612 |

22        This Stipulation is entered into by and between the Secured Creditor, Westlake Financial

23   Services (hereinafter "Movant"), and Jamerson S Fontillas (hereinafter "Debtor") by and through

24   their respective attorneys of record.

25        The property which is the subject of this matter is commonly known as 2004 LEXUS IS

26   300 SEDAN 4D, VIN No. JTHBD192240090117 (the "Vehicle").

27   /././

28   /././

- 1 -                                              CASE NO. 13-45734-RLE
**STIPULATION FOR GRANTING ADEQUATE PROTECTION**

Case: 13-45734   Doc# 64   Filed: 06/22/15   Entered: 06/22/15 10:48:46   Page 1 of 4

THE PARTIES STIPULATE AS FOLLOWS:

1. Debtor shall tender regular monthly payments in the amount of $350.00, which amount is subject to change, pursuant to the terms of the subject Retail Instalment Sale Contract (the "Contract"), commencing July 7, 2015, and continuing until all such outstanding amounts under the Contract are to be paid in full.

2. The post-petition arrears are calculated as follows:

| | | |
|---|---|---|
| 4/7/2014 – 6/7/2015 | 15 payments @$350.00 each | $5,250.00 |
| Attorneys' Fees/Costs | | $776.00 |
| Total Arrears | | $6,026.00 |

3. In addition to regular monthly payments, Debtor shall also tender payments in the sum of $502.17, commencing July 22, 2015, and continuing through and including June 22, 2016, when all post-petition arrears due and owing under the Contract, in the current sum of $6,026.00, are paid in full. Payments are to be remitted to:

Westlake Financial Services
4751 Wilshire Blvd #100
Los Angeles, CA 90010

4. If Debtor provides proof of additional post-petition payments received and negotiated by Movant, the requirement to make an additional payment pursuant to paragraph three (3) herein shall be revised accordingly.

5. Debtor shall comply with the terms and conditions of his Chapter 13 Plan.

6. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Movant shall provide written notice to Debtor at Jamerson S. Fontillas, 1593 Thrush Ave., San Leandro, CA 94578, and to Debtor's attorney of record, Rabin J. Pournazarian, Price Law Group, 15760 Ventura Blvd. #1100, Encino, CA 91436-3095 indicating the nature of the default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic

**STIPULATION FOR GRANTING ADEQUATE PROTECTION**

Case: 13-45734    Doc# 64    Filed: 06/22/15    Entered: 06/22/15 10:48:46    Page 2 of 4

stay shall be immediately terminated as to Movant, and Movant may proceed to repossess the Vehicle and foreclose its security interest in the Vehicle under the terms of the Contract and pursuant to applicable state law. Further, Movant may commence any action necessary to obtain possession of the Vehicle without further order or proceeding of this Court.

7. Movant shall comply with the above provisions as to the first two (2) defaults. Upon the 3rd default, Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to repossess the Vehicle and foreclose its security interest in the Vehicle under the terms of the Contract and pursuant to applicable state law. Further, Movant may commence any action necessary to obtain possession of the Vehicle without further order or proceeding of this Court.

9. The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

10. In the event that Movant is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

11. The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Vehicle by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Vehicle and/or against the Debtors.

12. In the event this case is converted to a Chapter 7 proceeding, the Motion may be restored on 14-days notice to the chapter 7 trustee.

13. Relief from the Automatic Stay is granted as to the Chapter 13 Trustee, Martha G. Bronitsky.

14. Any notice that Movant shall give to Debtor, or attorney for Debtor, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

STIPULATION FOR GRANTING ADEQUATE PROTECTION

Case: 13-45734    Doc# 64    Filed: 06/22/15    Entered: 06/22/15 10:48:46    Page 3 of 4

IT IS SO STIPULATED:

DATED: 6/19/2015

RABIN J. POURNAZARIAN
Attorneys for Debtor

DATED: 6/22/2015

ALDRIDGE PITE, LLP

DREW A. CALLAHAN
Attorneys for WESTLAKE FINANCIAL
SERVICES

- 4 -                                              CASE NO. 13-45734-RLE

**STIPULATION FOR GRANTING ADEQUATE PROTECTION**